```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NICHOLAS CANELLA and JENNIFER
CANNELLA,

                         Plaintiffs,

         -against-

HOLIDAY INNS, INC. and
INTERCONTINENTAL HOTELS GROUP
RESOURCES, INC.,

                         Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2020

20 Civ. 4120 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In this action, Plaintiffs, Nicholas Cannella and Jennifer Cannella, assert negligence claims against Defendants, Holiday Inns, Inc. and Intercontinental Hotels Group Resources, Inc., for injuries Nicolas Cannella sustained at Defendants' property, the Holiday Inn Resort Aruba (the "Resort"). Compl. ¶¶ 1–5, 7–29, ECF No. 5-3. Now before the Court is Plaintiffs' motion to remand this action to Supreme Court, Bronx County, on the ground that Defendants failed to timely remove this action within the thirty-day period required by 28 U.S.C. § 1446(b)(2)(B). See Mot., ECF No. 5. For the reasons stated below, Plaintiffs' motion is GRANTED.

## BACKGROUND[1]

Plaintiffs allege that on July 30, 2018, Nicholas Cannella suffered personal injuries as a result of slipping and falling into a swimming pool at the Resort. Compl. ¶¶ 5, 28. They claim that his accident was caused by Defendants' negligence in maintaining the premises. Id. ¶¶ 10, 13, 15.

On October 30, 2018, Plaintiffs filed their complaint in state court and, on November 7, 2018, served Defendants with the summons and complaint. See Compl.; Aff. of Service, ECF No. 5-4. On January 25, 2019, Defendants filed a motion to dismiss for *forum non conveniens* pursuant to N.Y

---

[1] The Court accepts as true the allegations in the complaint for purposes of considering this motion for remand. *See Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 406 (S.D.N.Y. 2020).

C.P.L.R. § 327, which the state court denied on March 29, 2019.  *See* ECF No. 5-5; *see also* ECF No. 5-6.

Defendants then filed an answer on May 16, 2019, asserting sixteen affirmative defenses.  *See* Answer, ECF No. 5-7.  The next day, Defendants filed a demand for a verified bill of particulars.  Bill of Particulars at 1, ECF No. 8-1.  Plaintiffs filed their bill of particulars on July 19, 2019.  *Id.* at 9.  The bill of particulars stated that Plaintiffs sought (1) "approximately $119,880 in los[t] earnings," (2) "a loss of future earnings and earning capacity," and (3) special damages for hospital expenses in the amount of "approximately $20,000.00 and continuing," and physician services and medical supplies in the amount of "[a]pproximately $50,000.00 and continuing."  *Id.* at 8.

On May 29, 2020, Defendants filed a notice of removal, asserting diversity as the basis for jurisdiction under 28 U.S.C. § 1332(a).  Notice of Removal, ECF No. 1.

## DISCUSSION

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  Defendants have thirty days from the "receipt by or service on that defendant of the initial pleading or summons" to file the notice of removal.  28 U.S.C. § 1446(b)(2)(B). "To remove a case based on diversity jurisdiction, it is incumbent upon the diverse defendant to aver that all the requirements of diversity jurisdiction have been met."  *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010).

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  In addition, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under [28 U.S.C. § 1446(b)(3)]." 28 U.S.C. § 1446(c)(3)(A).

On May 29, 2020, Defendants filed their notice of removal, almost two and a half years after being served with the summons and complaint on November 7, 2018.  *See* Notice of Removal; *see also* Aff. of Service.  "The right to remove a state court action to federal court on diversity grounds is statutory," so courts require "strict conformity with statutory requirements." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045 (2d Cir. 1991).  "[A]bsent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Id.* at 1046.

Defendants claim that their notice of removal is timely because they first learned that Plaintiffs' demand exceeded $75,000 during "verbal settlement discussions" in April 2020.  Def. Mem. at 2–3, ECF No. 6; Notice of Removal ¶¶ 14–15.  The Second Circuit has held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

The amount in controversy, however, was ascertainable as early as July 12, 2019, when Plaintiffs filed their bill of particulars.  Bill of Particulars at 1.  The bill of particulars states that Plaintiffs are seeking damages of at least $189,880.  *Id.* at 8.  "[C]ourts in this district have found that removal jurisdiction is proper where the [b]ill of [p]articulars from the underlying case alleges damages in excess of $75,000." *Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19 Civ. 7294, 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019).  And when "the [c]omplaint does not disclose that

[a] [p]laintiff is seeking more than $75,000 in damages, the bill of particulars is the relevant document for determining the timeliness of [a] [d]efendant's removal petition." *Philip v. Deutsche Bank Nat. Tr. Co.*, No. 11 Civ. 8960, 2012 WL 2354242, *3 (S.D.N.Y. June 20, 2012).  Thus, courts in this district have held that once the defendant received the bill of particulars, the amount in controversy was established, and the notice of removal is timely only if it was filed within thirty days of the bill's receipt.  *Id.*; *see also, e.g.*, *Gordon v. Stop & Shop Supermarkets Inc.*, No. 19 Civ. 10582, 2020 WL 3578151, *2 (S.D.N.Y. July 1, 2020) (holding that the action became removable once plaintiff "served its [b]ill of [p]articulars reflecting the dollar amount sought exceeded $75,000"); *Mitilinios v. Costco Wholesale Corp.*, No. 17 Civ. 5306, 2018 WL 941715, at *3 (E.D.N.Y. Jan. 31, 2018), *report and recommendation adopted*, 2018 WL 948753 (E.D.N.Y. Feb. 15, 2018) ("[P]laintiff's [b]ill of [p]articulars included demands for specific dollar amounts [exceeding $75,000].  Accordingly, the thirty-day period for removal began when defendant received the [b]ill of [p]articulars.")

Here, the bill of particulars delivered on July 12, 2019 notified Defendants that Plaintiffs sought damages in excess of $75,000.  *See* ECF No. 8-1.  The removal notice filed by Defendants on May 29, 2020 was, therefore, untimely.

## CONCLUSION

Accordingly, Plaintiffs' motion to remand the action because of Defendant's failure to timely file a notice of removal is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 5, close the case, and remand the matter to Supreme Court, Bronx County.

SO ORDERED.

Dated: September 3, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge